**MICHAEL C. BAXTER**
Oregon State Bar ID Number 91020
michael@baxterlaw.com
**JUSTIN M. BAXTER**
Oregon State Bar ID Number 99217
justin@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff Lee

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JOHN BOATNER**, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **CHOICEPOINT WORKPLACE SOLUTIONS, INC.**, a Georgia corporation, and **BOWEN PROPERTY MANAGEMENT, INC.**, an Oregon corporation, | Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) |
| Defendants. | Demand for Jury Trial |

Plaintiff alleges that at all times material:

1.

This court has jurisdiction under 15 U.S.C. § 1681p.

2.

Plaintiff John Boatner ("plaintiff") is a consumer as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

Page 1 –COMPLAINT

3.

Defendant ChoicePoint Workplace Solutions, Inc., ("ChoicePoint") is a consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681a(f).

4.

Defendants Bowen Property Management, Inc. ("Bowen"), is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681k.

5.

Plaintiff applied for a job with Bowen. Bowen informed plaintiff that it had interviewed him for an opening with the company, and hired him. Upon receiving a copy of plaintiff's investigatory consumer report from Background Investigations, Inc. (Background Investigations), Bowen rescinded its offer of employment.

6.

Plaintiff received a copy of his investigatory consumer report from Background Investigations. Background Investigations is a reseller of credit reports. It receives its background information directly from Choicepoint.

7.

The investigative background report Background Investigations provided to Bowen contained information which was inaccurate, not complete or was not up to date, as of the date that the consumer report was issued.

8.

Bowen was required, prior to taking any adverse action regarding plaintiff, to provide plaintiff with a copy of the consumer report which was the basis for that adverse action. The report provided by Bowen is also required to also contain a copy of plaintiff's rights. Bowen did

not provide a copy of his background report prior to taking the adverse action against him. Upon plaintiff notifying Bowen that plaintiff had disputed the derogatory of the information in the report, and had obtained a correction of the information, Bowen informed plaintiff that it had already hired someone else for the position.

FIRST CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681n)

(Choicepoint)

9.

Plaintiff realleges paragraphs 1- 8, as if fully set forth herein.

10.

Choicepoint willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:

    a)    failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

    b)    failing to comply with the reinvestigation requirements by not properly notifying plaintiff of the results of the investigation, as required by 15 U.S.C. §1681i;

    c)    providing plaintiff's credit file to companies without determining if these companies had a permissible purpose to obtain plaintiff's credit file, pursuant to 15 U.S.C. §1681b;

    d)    not providing a consumer report to plaintiff within the meaning of 15 U.S.C. §1681g, as required by U.S.C. §1681g.

11.

As a result of Choicepoint's violations of the FCRA, plaintiff has suffered, continues to

suffer, and will suffer future damages, including denial of employment, lost wages, lost opportunity, damage to reputation, worry, distress, frustration, paranoia, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

12.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

13.

Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined by the Court.

14.

Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681n(a).

SECOND CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681o)

(Choicepoint)

15.

Plaintiff realleges paragraphs 1 – 8 as if fully set forth herein.

16.

Choicepoint negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

    a)    failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

    b)    failing to comply with the reinvestigation requirements by not properly notifying plaintiff of the results of the investigation, as required by 15 U.S.C. §1681i;

    c)    providing plaintiff's credit file to companies without determining if these

companies had a permissible purpose to obtain plaintiff's credit file, pursuant to 15 U.S.C. §1681b;

    d)    not providing a consumer report to plaintiff within the meaning of 15 U.S.C. §1681g, as required by U.S.C. §1681g.

17.

As a result of Choicepoint's violations of the FCRA, plaintiff has suffered, continues to suffer and will suffer future damages, including denial of employment, lost opportunity, damage to reputation, worry, distress, frustration, paranoia, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

18.

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

19.

Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681o(a).

THIRD CLAIM FOR RELIEF

(15 U.S.C. § 1681n)

(FCRA – Against Bowen)

20.

Plaintiff realleges paragraphs 1 - 8 as if fully set forth herein.

21.

As a result of the conduct alleged in paragraphs 1-8, Bowen willfully failed to comply with the requirements of the FCRA pursuant to 15 U.S.C. § 1681b(b)(3). Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n.

22.

As a result of Bowen's violations of the FCRA, plaintiff has suffered damages, including the lost opportunity, damage to his reputation, lost wages, worry, fear, distress, frustration, embarrassment, paranoia and humiliation, all to his present and future damages, in an amount to be determined by the jury, in addition to any statutory damages in an amount to be determined by the Court.

23.

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

24.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

25.

Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681o(a).

FOURTH CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681o)

(Against Bowen)

26.

Plaintiff realleges paragraphs 1 - 8 as if fully set forth herein.

27.

As a result of the conduct alleged in paragraphs 1-8, Bowen negligently failed to comply with the requirements of the FCRA pursuant to 15 U.S.C. § 1681b(b)(3). Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n.

28.

As a result of Bowen's violations of the FCRA, plaintiff has suffered damages, including

the lost opportunity, damage to his reputation, lost wages, worry, fear, distress, frustration, embarrassment, paranoia and humiliation, all to his present and future damages, in an amount to be determined by the jury.

29.

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

30.

Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681o(a).

PRAYER

Plaintiff demands a jury trial on all claims. Wherefore plaintiff prays for a judgment as follows:

1. On Plaintiff's First Claim for Relief for willful violations of the FCRA against Defendant Choicepoint:

    a. Actual damages in an amount to be determined by the jury;

    b. Punitive damages in an amount to be determined by the jury; and,

    c. Statutory damages as determined by the court; and

    d. Attorney fees and costs.

2. On Plaintiff's Second Claim for Relief for negligent violations of the FCRA against Defendant Choicepoint:

    a. Actual damages in an amount to be determined by the jury;

    b. Attorney fees and costs.

3. On Plaintiff's Third Claim for Relief for willful violations of the FCRA against Defendant Bowen:

    a. Actual damages in an amount to be determined by the jury;

   b. Punitive damages in an amount to be determined by the jury; c.

   c. Statutory damages as determined by the court; and

   d. Attorney fees and costs.

 4. On Plaintiff's Fourth Claim for Relief for negligent violations of the FCRA against Defendant Bowen:

   a. Actual damages in an amount to be determined by the jury;

   b. Attorney fees and costs.

 5. On All Claims for Relief, costs and expenses incurred in this action.

DATED this 23rd day of December 2009.

         /s/ Michael C. Baxter
         _____
         Michael C. Baxter, OSB # 910203
         michael@baxterlaw.com
         Justin M. Baxter, OSB # 992178
         justin@baxterlaw.com
         Telephone (503) 297-9031
         Facsimile (503) 291-9172
         Attorneys for Plaintiff