IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JOHN BOATNER,**

          Plaintiff,

v.

**CHOICEPOINT WORKPLACE SOLUTIONS, INC., ET AL.**

          Defendant.

No. CV 09-1502-MO

OPINION AND ORDER

MOSMAN, J.,

    Defendant LexisNexis Screening Solutions, Inc.[1] ("LexisNexis") submitted a motion to dismiss defendant Bowen Property Management, Inc.'s ("Bowen") cross-claims for contribution and indemnification (#14). For the reasons set forth below, I GRANT the motion.

### BACKGROUND

    Plaintiff John Boatner applied for a job with Bowen. (Compl. (#1) ¶ 5.) After Background Investigations, Inc. sent a copy of Mr. Boatner's investigatory consumer report to Bowen, Bowen rescinded its employment offer. (*Id.*) Mr. Boatner claims that Background Investigations, Inc. provided inaccurate information to Bowen. (*Id.* at ¶ 7.) Mr. Boatner states that Background Investigations, Inc. receives its information directly from LexisNexis. (*Id.* at ¶ 6.)

    Mr. Boatner alleges that LexisNexis violated the Fair Credit Reporting Act ("FCRA")

---

[1] LexisNexis is identified as ChoicePoint Workplace Solutions, Inc. in other documents filed in the instant action. ChoicePoint Workplace Solutions is a LexisNexis company.

PAGE 1 - OPINION AND ORDER

provisions applicable to consumer reporting agencies. (*Id.* at ¶ 10.) Mr. Boatner also alleges that Bowen violated a FCRA provision regarding notice and adverse actions against consumers. (*Id.* at ¶ 21.) In its Answer, Bowen asserts cross-claims against LexisNexis for contribution and indemnification. (Answer (#7) ¶¶ 3-4.) LexisNexis argues that the Court should dismiss Bowen's cross-claims because Bowen cannot assert claims for contribution or indemnification under the FCRA. (LexisNexis's Mem. in Supp. of Mot. to Dismiss (#14) Ex. 1 at 2.)

The FCRA imposes obligations on individuals and companies serving in multiple roles. In his complaint, Mr. Boatner identifies himself as a consumer, and alleges LexisNexis is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). (Compl. (#1) ¶¶ 2-3.) Bowen identifies itself as a "user" of consumer information, although Mr. Boatner's complaint alleges that Bowen is a "furnishe[r]" of information under 15 U.S.C. § 1681k.[2] (*See* Compl. (#1) ¶ 4.)

## DISCUSSION

The court shall grant a motion to dismiss if a complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A right to contribution or indemnification can arise through either Congress's creation of an explicit or implicit right, or federal common law. *Tex. Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 638 (1981). Bowen asserts that neither the Supreme Court, the Ninth Circuit Court of Appeals, nor the District Court in Oregon have addressed contribution or indemnification under the FCRA. (Bowen's Resp. to Mot. to Dismiss (#16) 2.)

---

[2] It appears Mr. Boatner intended to identify Bowen as a user of consumer investigation, since the complaint alleges Bowen failed to comply with the notice requirements that the FCRA imposes on entities that use consumer credit information. (*See* Compl. (#1) ¶¶ 20-30.)

PAGE 2 - OPINION AND ORDER

I.    **Implicit Right to Indemnification or Contribution**

Bowen acknowledges there is no explicit right to contribution or indemnification under the FCRA. (*See* Bowen's Resp. to Mot. to Dismiss (#16) 3.) Therefore, its claim depends largely on whether an implicit right can be found in the FCRA. LexisNexis cites several cases for the proposition that Bowen cannot establish an implicit right under the FCRA. (LexisNexis's Mem. in Supp. of Mot. to Dismiss (#14) Ex. 1 at 4-5.) Bowen argues that these cases are distinguishable because they do not address the rights of a user of information to seek contribution or indemnification from a CRA, but instead only address those rights in cases of furnishers or CRAs suing other furnishers or CRAs. (Bowen's Resp. to Mot. to Dismiss (#16) 2-3.) Further, Bowen argues because the purpose of the FCRA is to benefit users of information (as well as consumers), rights to contribution and indemnification are appropriate if Bowen is found liable to Mr. Boatner. (*Id.* at 3.)

Courts consider four factors when determining if a statute implicitly provides for a remedy: (1) whether the plaintiff is a member of the class the statute was enacted to benefit; (2) whether the legislative intent suggests a remedy exists; (3) whether the remedy sought is consistent with the legislation's purpose; and (4) whether this cause of action is traditionally relegated to state law. *See Cort v. Ash*, 422 U.S. 66, 78 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979). After the Supreme Court's decision in *Touche*, the second *Cort* factor predominates. *See Touche*, 442 U.S. at 575 ("The central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action."). Applying these factors, several courts have held that the FCRA does not provide an implicit right to contribution or indemnification. *McSherry v. Capital One FSB*, 236 F.R.D. 516, 520-21 (W.D. Wash. 2006); *Kay v. First Cont'l Trading, Inc.*, 966 F. Supp. 753, 754-56 (N.D. Ill.

PAGE 3 - OPINION AND ORDER

1997); *Cintron v. Savit Enters.*, No. 07-cv-04389(FLW), 2009 WL 971406, at *2-4 (D. N.J. Apr. 9, 2009).

I find no implicit right to contribution or indemnification in the FCRA because Bowen has not shown that Congress intended to create such a right. First, the FCRA's stated purpose is to benefit consumers:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b). The congressional findings in the FCRA do not mention users of information. *See id.* Because the FCRA regulates users in order to benefit consumers, I disagree that Bowen is a member of the class the FCRA was intended to benefit. *See McSherry*, 236 F.R.D. at 521 (finding that the FCRA was not enacted for the benefit of furnishers in part because furnishers are "entities whose behavior Congress sought to regulate") (emphasis omitted). Furthermore, Bowen's interpretation undermines the statute's purpose because users have less incentive to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of credit reports when they can pass their liability on to furnishers and CRAs. *See* 15 U.S.C. § 1681(b); *see also McSherry*, 236 F.R.D. at 522 ("[T]here is no legislative history suggesting that Congress was interested in 'softening' the blow for joint wrongdoers.")

Second, when Congress enacts comprehensive legislation, there is a strong presumption that any remedies not included were omitted deliberately. *Nw. Airlines, Inc. v. Transp. Workers Union*, 451 U.S. 77, 97 (1981); *Crescent Wharf & Warehouse Co. v. Barracuda Tanker Corp.*, 696 F.2d 703, 705 (9th Cir. 1983). Several courts have described the FCRA as a comprehensive scheme of legislation. *See Kodrick v. Ferguson*, 54 F. Supp. 2d 788, 796 (N.D. Ill. 1999);

PAGE 4 - OPINION AND ORDER

*Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 470, 482 (D.D.C. 1994). The Ninth Circuit specifically noted that the FCRA "has been drawn with extreme care, reflecting the tug of the competing interests of consumers, CRAs, furnishers of credit information, and users of credit information." *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). This observation supports the general consensus that Congress's failure to expressly provide for rights of indemnification or contribution "can only be understood to have been deliberate." *McSherry*, 236 F.R.D. at 521.

       Third, as Bowen acknowledges throughout its Response, the FCRA imposes different responsibilities based on whether a party is a user, furnisher, or CRA. (*See* Bowen's Resp. (#16) 2 (noting the FCRA "appl[ies] different duties to different groups").) For example, a CRA has a duty to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the [credit] report relates," 15 U.S.C. § 1681e(b), and to furnish a credit report only when the report will be used for a proper purpose, 15 U.S.C. §§ 1681e(a), 1681b(a). Section 1681s-2(b) imposes a duty of reinvestigation on furnishers of information, which is triggered only after "a furnisher receives notice of a dispute regarding the accuracy of information [it] provided to a CRA." *Nelson v. Equifax Info. Servs.*, 522 F. Supp. 2d 1222, 1231 (C.D. Cal. 2007) (citing 15 U.S.C. § 1681s-2(b)(1)).

       In contrast, the FCRA does not require users to ensure that a credit report is complete and accurate, but does require that users provide notice to consumers "before taking any adverse action based in whole or in part on the [consumer's credit] report." *See* 15 U.S.C. § 1681b(b)(3); *see also* 15 U.S.C. § 1681m(a); Bowen's Resp. (#16) 4 ("While users are regulated, they are regulated in a qualitatively different way with an implicit purpose of being a conduit of notice to the consumer."). Importantly, a user's duty is largely independent of the duties of the CRA and

furnisher because a user has a duty to give notice regardless of whether the credit report is complete and accurate. Mr. Boatner's complaint invokes these different spheres of liability by suing LexisNexis for failing to follow reasonable procedures to assure the accuracy of Mr. Boatner's report (Compl. (#1) ¶¶ 10, 16), and suing Bowen for failing to provide the notice required by 15 U.S.C. § 1681b(b)(3) (*id.* at ¶¶ 8, 21, 27). This statutory scheme, which allocates independent obligations among the many parties involved in the consumer credit reporting process, shows no legislative intent to hold furnishers or CRAs liable for the actions of users.

For the reasons above, I agree with the established case law and find no implicit right to contribution or indemnification in the FCRA.

## II.    Federal Common Law

A right to contribution or indemnification through federal common law occurs either where a cause of action implicates a uniquely federal interest, or where Congress can be deemed to have delegated to courts the power to create rules. *Tex. Indus.*, 451 U.S. at 640. Federal common law exists only in very narrow areas, such as interstate and international disputes, and admiralty cases. *Id.* at 641. Courts have held that the right to contribution or indemnification under the FCRA does not implicate a uniquely federal interest. *See Cintron*, 2009 WL 971406, at *3; *see also In re Ameriquest*, No. 05-7097, 2008 WL 630883 (N.D. Ill. Mar. 5, 2008). Further, courts have also found that the FCRA does not delegate the power to create these rights to the courts. *Cintron*, 2009 WL 971406, at *3. I agree with the reasoning of these opinions. Because the FCRA does not implicate a uniquely federal interest and does not delegate any rights to the courts to create remedies, I find no right to either contribution or indemnification under federal common law.

## III.    Equitable Claims

Bowen argues that its cross-claims are not limited to contribution and indemnification

under the FCRA, but also encompass equitable claims for each right. (Bowen's Resp. to Mot. to Dismiss (#16) 6.) Bowen argues that it has pled allegations that, if true, allow the Court to grant equitable rights to contribution and indemnification. (*Id.* at 7.) Bowen asserts that because the FCRA imposes different obligations on CRAs and users of information, contribution and indemnification are necessary to achieve a fair result. (*Id.* at 6-7.) LexisNexis argues that because all of Mr. Boatner's claims are brought under the FCRA, any equitable right to contribution or indemnification must be found under the statute, where none exist. (LexisNexis's Reply (#19) 8.) Because there is no right to contribution and indemnity under the FCRA, and the only claims in Mr. Boatner's case arise under the FCRA, I disagree with Bowen's argument that this Court can grant an equitable right to contribution and indemnification beyond the FCRA.

## CONCLUSION

There is no right to either contribution or indemnification under the comprehensive and detailed FCRA statute. Further, there is no right to either remedy under federal common law. Finally, because all of the claims in Mr. Boatner's case are brought under the FCRA and it is well established that there is no right to contribution or indemnification under the statute, Bowen's arguments about an equitable right are unpersuasive. Because Bowen does not have any legal right to contribution or indemnification from LexisNexis, the Court cannot grant it the relief it requests.

For the reasons given above, I GRANT defendant LexisNexis's Motion to Dismiss (#14).

IT IS SO ORDERED.

DATED this   6th   day of May, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 7 - OPINION AND ORDER